

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SAM NELSON,

        Plaintiffs,

v.

JACKSON COUNTY, et al.,

        Defendants.

Civ. No. 09-03095-PA

**ORDER**

**PANNER, District Judge**:

*Pro se* plaintiff brings various claims against multiple defendants, including Does I-X. For the reasons stated below, plaintiff's motion for leave to amend [#35], David Orf's motion for joinder [#37], and Nancy Nordyke's motion to dismiss [#33] are DENIED. The motions to dismiss filed by defendants Medford Metropolitan Police Department and Sue Campbell [#17], David Orr [#22], James Stout [#21], and Jackson County [#24] are GRANTED in part. Plaintiff is granted 14 days to amend his complaint.

**BACKGROUND**

On October 26, 2009, *pro se* plaintiff Sam Nelson ("Nelson") filed this complaint against multiple defendants. Nelson labeled the complaint a "Bivens Action" and brought claims of conspiracy, RICO violations, fraud and misrepresentation, and slander and defamation. From the few facts alleged in the complaint,

1 - ORDER

plaintiff apparently alleges that defendants engaged in a conspiracy beginning "[o]n or about March 2005 through at least August 2007" to violate plaintiff's rights under the Fifth and Fourteenth Amendments. (Complaint, 3.) Plaintiff alleges he was damaged in the amount of $350,000.00 when Nancy Nordyke ("Nordyke")[1] "agreed with others to cooperate in an investigation into whether the investment she had made was a Security or not by making the false and misleading statement that she had not been paid her interest." Id. at 4.

At least one of the defendants allegedly complained to the Medford Police Department ("Medford"). Detective Sue Campbell ("Campbell") allegedly "called Plaintiff an [sic] advised him that Defendants has [sic] called saying that payment hadn't been made." Id. In September 2006, plaintiff alleges attorney James Stout ("Stout") served plaintiff with a complaint. In May 2007, Campbell allegedly took plaintiff's company's banking records. Also in May 2007, Campbell allegedly "took the privileged information at the direction of an unknown Co-conspirator to Defendant and told her for a fee, she could have the D.A.'s office convene the Grand Jury & have multiple charges filed against Plaintiff." Id. at 5. On May 15, 2007, one defendant - plaintiff does not reveal which one - allegedly "gave false and misleading testimony as well as slanderous remarks before the Grand Jury when she told them Plaintiff had not made the interest payments to her

---

[1] Although Nordyke is not currently an individually-named defendant, plaintiff requested leave to add Nordyke as a party.

2 - ORDER

and Plaintiff spent $10,000.00 of the investment on a cruise with his wife." Id. Finally, plaintiff alleges District Attorney David Orr ("Orr") "asked the Grand Jury to hand down an Indictment and later on the same day a true Bill was returned."

The above facts are the only facts plaintiff offers in support of his claims. On January 19, 2010, plaintiff filed a nearly identical complaint in district court. (See Complaint in case 10-cv-03006-PA.) Except for labeling the complaint a "Federal Tort Claim" rather than a "Bivens Action," the two complaints appear identical. On January 28, 2010, the court held in abeyance plaintiff's motion to proceed *in forma pauperis* in the related case pending the outcome of the motions at issue here.

## DISCUSSION

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)). The court assumes the factual allegations in the complaint to be true. Iqbal, 129 S.Ct. at 1949-50. Conclusory statements - such as the mere recital of the elements of a claim - are not entitled to an assumption of truth. Moss, 572 F.3d at 970-71 (citing Iqbal, 129 S.Ct. at 1949). Thus, the plaintiff must plead factual content allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

Defendants Medford Police Department and Campbell argue that although plaintiff labels his complaint a "Bivens Action," the claims are actually claims under 42 U.S.C. § 1983, and thus time-barred. A Bivens action is available for injuries resulting from an official "acting under color of federal law." Pollard v. Geo Group, Inc., ___ F.3d ___, 2010 WL 2246418 * 4 (9th Cir.) (internal citation omitted). Because defendants are not federal agents, and there are no allegations of anyone acting under color of federal law, the claims are viewed as 42 U.S.C. § 1983 claims. See Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987).

"Oregon's two-year statute of limitations for personal injury actions applies to § 1983 claims. Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1989) (per curiam) (citing O.R.S. § 12.110(1) (internal citations omitted). Because the complaint alleges the conduct involved here occurred "through at least August 2007," and because plaintiff did not file the complaint until October 26, 2009, plaintiff's § 1983 claims are time-barred. See Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (stating Rule 12(b)(6) statute of limitations dismissal appropriate "only when 'the running of the statute is apparent on the face of the complaint.'") (internal citation omitted)). Although the statute of limitations on the RICO claim is four years, plaintiff's complaint fails to state a claim under RICO.[2]

---

[2]To state a civil RICO claim, plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business

4 - ORDER

The other named defendants also move to dismiss for failure to state a claim under Rule 12(b)(6). As stated above, plaintiff provides very limited facts in support of his claims. With regard to Orr, plaintiff only alleges that "[o]n or about May 15, 2007, David Orr asked the Grand Jury to hand down an Indictment and later on the same day a true Bill was returned." (Complaint, 5.) This fact, even if true, does not state any valid cause of action. Additionally, as noted by Orr, prosecutors in Oregon are absolutely immune to claims resulting from the decision as to "when, how, and against whom to proceed." Heusel v. Multnomah County Dist. Attorney's Office, 163 Or.App. 51, 56, 989 P.2d 465 (1999). Thus, the state law claims against Orr are dismissed on this alternate basis as well.

With regard to Stout, plaintiff only alleges that Stout resides in Jackson County, is an Oregon attorney, and that Stout served plaintiff with a complaint. (Complaint, 2, 4.) Taking those facts as true, they fail to state any cause of action.

Other than stating defendants all reside in Jackson County, plaintiff alleges no facts at all regarding defendant Jackson County. Thus, defendant fails to state a claim against Jackson County. Additionally, plaintiff does not allege that he gave notice of his claim to Jackson County within 180 days after the alleged loss or injury as required under O.R.S. 30.275(2)(b). Thus, plaintiff's common law claims against Jackson county are

---

or property. Ove v. Gwinn, 264 F.3d 817, 825 (9th Cir. 2001) (internal citation and quotations omitted).

5 - ORDER

dismissed for this additional reason. See O.R.S. 30.275(1).

Despite not being named as a defendant in the complaint, Nordyke filed a motion to dismiss [#33]. Nordyke may request leave to re-file should she be named as a party in the amended complaint. Finally, believing that plaintiff would amend the complaint to add David Orf ("Orf") as a party, Orf filed a motion for joinder [#37]. Orf's motion is moot pending plaintiff's leave to re-file an amended complaint. Orf may re-file his motion if he is not named in an amended complaint.

## CONCLUSION

The motions to dismiss filed by defendants Medford Metropolitan Police Department and Sue Campbell [#17], David Orr [#22], James Stout [#21], and Jackson County [#24] are GRANTED in part, as outlined above. Plaintiff's motion for leave to amend [#35], Orf's motion for joinder [#37], and Nordyke's motion to dismiss [#33] are DENIED. To the extent plaintiff moved for Summary Judgment, any such motion is DENIED. Plaintiff is granted 14 days to amend his complaint. Failure to amend within the time allowed will result in dismissal with prejudice.

IT IS SO ORDERED.

DATED this 28 day of June, 2010.

OWEN M. PANNER
U.S. DISTRICT JUDGE

6 - ORDER