FILED'10 SEP 29 13:29USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SAM NELSON,

        Plaintiffs,

   v.

JACKSON COUNTY, et al.,

        Defendants.

Civ. No. 09-03095-PA

**ORDER**

**PANNER, District Judge:**

    *Pro se* plaintiff Sam Nelson brings various claims against 10 individually-named defendants and Does I-X. For the reasons stated below, the complaint is dismissed with prejudice.

**BACKGROUND**

    On October 26, 2009, Nelson filed the original complaint. Nelson labeled the complaint a "Bivens Action" and brought claims of conspiracy, RICO violations, fraud and misrepresentation, and slander and defamation. From the few facts alleged in the original complaint, plaintiff generally alleged that defendants engaged in a conspiracy beginning "[o]n or about March 2005 through at least August 2007" to violate plaintiff's rights under the Fifth and Fourteenth Amendments. (Compl., 3.) Plaintiff alleged he was

1 - ORDER

damaged in the amount of $350,000.00 when Nancy Nordyke ("Nordyke) "agreed with others to cooperate in an investigation into whether the investment she had made was a Security or not by making the false and misleading statement that she had not been paid her interest." (Compl., 4.)

At least one of the defendants allegedly complained to the Medford Police Department ("Medford"). Detective Sue Campbell ("Campbell") allegedly "called Plaintiff an [sic] advised him that Defendants has [sic] called saying that payment hadn't been made." (Compl., 4.) In September 2006, Nelson alleges attorney James Stout ("Stout") served Nelson with a complaint. In May 2007, Campbell allegedly took Nelson's company's banking records. Also in May 2007, Campbell allegedly "took the privileged information at the direction of an unknown Co-conspirator to Defendant and told her for a fee, she could have the D.A.'s office convene the Grand Jury & have multiple charges filed against Plaintiff." (Am. Compl., ¶ 15.) On May 15, 2007, one defendant - presumably Nordyke - allegedly "gave false and misleading testimony as well as slanderous remarks before the Grand Jury when she told them Plaintiff had not made the interest payments to her and Plaintiff spent $10,000.00 of the investment on a cruise with his wife." (Am. Compl., ¶ 16.) Finally, plaintiff alleges that on May 15, 2007, District Attorney David Orr ("Orr") "asked the Grand Jury to hand down an Indictment and later on the same day a true Bill was returned." Plaintiff eventually pleaded *nolo contendere* to the charges. (Am. Compl., ¶ 17 n.3.)

2 - ORDER

On January 19, 2010, plaintiff filed a nearly identical complaint in district court. (See Compl. in case 10-cv-03006-PA.) Except for labeling the complaint a "Federal Tort Claim" rather than a "Bivens Action," the two complaints appear identical. On January 28, 2010, the court held in abeyance plaintiff's motion to proceed *in forma pauperis* in the related case pending the outcome of the motions at issue here.

On June 26, 2010, I dismissed the original complaint for failure to state a claim and granted plaintiff 14 days to amend the complaint. After the deadline to amend passed, plaintiff filed an amended complaint. While substantially similar to the first complaint, the amended complaint does provide some additional factual allegations.

For example, the complaint now alleges that detective Campbell told an unnamed defendant that for a fee, Campbell could "have the D.A.'s office convene the Grand Jury & have multiple charges filed against plaintiff." (Am. Compl., ¶ 15.) Additionally, Nelson alleges that he faxed proof of the disputed interest payments to Campbell. (Am. Compl., ¶ 12.) Nelson attached an investigative report from his defense attorney's file in Nelson's criminal case. (Am. Compl., Attch. B.) Presumably in response to the earlier dismissal based on statute of limitations defects, Nelson changed the alleged end dates of the conspiracy from August 2007 to November 2007.

In addition to the conspiracy and Fifth and Fourteenth Amendment claims, the amended complaint contains three other

3 - ORDER

counts. Count three generally alleges fraud and misrepresentation. Count four alleges fraud and misrepresentation resulting from defendants' testimony before the May 15, 2007 grand jury. Count five alleges slander and defamation of character resulting from defendants' testimony before the grand jury.

## DISCUSSION

28 U.S.C. § 1915(e)(2)(B)(ii), which applies to all *in forma pauperis* complaints, states that "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted[.]" See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). The court may dismiss a complaint under § 1915(e)(2)(B)(ii) *sua sponte*. Id. at 1130. If the pleadings allege a fact that will necessarily defeat the action, dismissal for failure to state a claim is appropriate. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984) (internal citation omitted).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)). The court assumes the factual allegations in the complaint to be true. Iqbal, 129 S.Ct. at 1949-50. Conclusory statements - such as the mere recital of the elements of a claim - are not entitled to an assumption of truth. Moss, 572 F.3d at 970-71 (citing Iqbal, 129 S.Ct. at 1949). The

court construes *pro se* civil rights claims liberally. Buckey v. County of Los Angeles, 968 F.2d 791, 793-94.

According to the complaint, the defendants conspired to violate Nelson's Fifth and Fourteenth Amendment rights "in connection with a Grand Jury investigation." (Am. Compl., ¶ 9.) On May 15, 2007, the grand jury returned an indictment against plaintiff. (Am. Compl., ¶ 17.) Although Nelson generally alleges the conspiracy continued through November 2007, Nelson alleges no specific factual allegations occurring after the grand jury returned the indictment on May 15, 2007. As noted in my June 26, 2010 order dismissing the original complaint, "Oregon's two-year statute of limitations for personal injury actions applies to § 1983 claims. Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1989) (per curiam) (citing O.R.S. § 12.110(1) (internal citations omitted). Although the amended complaint does generally allege that the conspiracy continued through November 2007, this conclusion is not entitled to an assumption of truth. Moss, 572 F.3d at 970-71 (citing Iqbal, 129 S.Ct. at 1949).

A § 1983 claim "accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009). In viewing the complaint and the exhibits plaintiff attached to the complaint, it is clear that defendant knew of the allegedly false statements well before two-years prior to filing the complaint.

"A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ.

5 - ORDER

P. 10(c); United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). "Attachment B" of the amended complaint is an investigative report from the files of Nelson's attorney. The report details an August 9, 2007 interview with Nelson and notes "[Nelson] said he was surprised to learn that criminal charges had been filed on May 16, 2007 . . ." (Am. Compl., Attach. B, ¶ 18.) The report is dated August 15, 2007. The report also includes portions of the police report containing Nordyke's allegations and makes clear plaintiff had previously read the police report. (Am. Compl., Attach. B, ¶ 14.) The report states that prior to September 1, 2006, Nordyke filed a lawsuit against plaintiff. (Am. Compl., Attach. B, ¶ 16.) In that lawsuit, Nordyke made accusations plaintiff felt "could be construed as criminal." (Am. Compl., Attach. B, ¶ 16.)

Attachment B, which is a part of the pleadings, demonstrates that plaintiff knew of the allegedly false statements that form the basis of his complaint by, at the very latest, August 15, 2007. As noted above, Nelson filed the complaint on October 26, 2009. Because Nelson did not file the complaint within two years of learning about the allegedly false statements, the complaint is untimely and fails to state a claim upon which relief may be granted. Douglas, 567 F.3d at 1109; Lukowsky v. City and County of San Francisco, 535 F.3d 1044, 1055 (9th Cir. 2008) ("once a plaintiff knows that harm has been done to him, he must determine within the period of limitations whether to sue or not, . . .") (internal citation and quotation omitted). Because all of Nelson's claims are based on the same factual allegations and result in the

6 - ORDER

same injuries, all of the claims are subject to the same two-year statute of limitations. <u>Northwest Airlines, Inc. v. Camacho</u>, 296 F.3d 787, 792 (9th Cir. 2002). Because the pleadings reveal that no amendment consistent with the pleaded facts will bring the claims within the statute of limitations, the amended complaint is dismissed with prejudice. <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 761 (9th Cir. 2007); <u>Reddy v. Litton Industries, Inc.</u>, 912 F.2d 291,296-97 (9th Cir. 1990).

## CONCLUSION

The amended complaint [#43] is DISMISSED with prejudice. To the extent plaintiff moved for Summary Judgment, any such motion is DENIED. Any outstanding pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 29 day of September, 2010.

OWEN M. PANNER
U.S. DISTRICT JUDGE

7 - ORDER